Dear Mr. Coenen:
On behalf of the Tensas Basin Levee District ("Tensas Basin"), you have requested the opinion of this office as to whether Tensas Basin may legally contribute funds to the Poverty Point Reservoir District ("Poverty Point") for the purpose of constructing a reservoir and recreation area adjacent to Bayou Macon.
Your inquiry must be examined with regard to La. Const. (1974) Art. VII, Sec. 14(A), which prohibits the loan, pledge, or donation of funds by one political subdivision to another. We note that both Tensas Basin (R.S. 38:281(6)) and Poverty Point (R.S. 38:3087.3(A)) are political subdivisions of the state. Although La. Const. (1974) Art. VII, Sec. 14(B) creates certain exceptions to the general prohibition of Art. VII, Sec. 14(A), the contemplated contribution by Tensas Basin to Poverty Point is not among those exceptions.
Pursuant to La. Const. (1974) Art. VII, Sec. 14(C), political subdivisions may engage in cooperative endeavors for public purposes. Additionally, we note that R.S. 38:325 provides that levee boards "shall engage in. . . cooperative activities with other public bodies for public purposes." However, these provisions must be scrutinized in light of the Louisiana Supreme Court decision rendered in City of Port Allen v. Louisiana Municipal Risk Management Agency, Inc., 439 So.2d 399 (La. 1983).
In City of Port Allen, the Supreme Court ruled that Art. VII, Sec. 14(A) ". . . is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." The Court went on to state that the constitutional authorization for cooperative endeavors, contained in Sec. 14(C) of Art. VII, does not provide an exception to the prohibition contained in Sec. 14(A):
 "There is no indication that [Sec. 14(C)] is meant to be an exception to the rule of Sec. 14(A) . . . Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations merely for a `public purpose'."
Among the authorized activities of levee boards, as provided in R.S. 38:325, is the construction of recreational facilities "which are located on or immediately adjacent to levees". In our opinion, this provision of R.S 38:325 does not authorize a contribution for the proposed recreational and reservoir area since, as you have advised, the proposed recreational and reservoir area is not "adjacent to" a levee. Although the construction of the reservoir and recreation area by Poverty Point is a laudatory endeavor, this office is unaware of any legal obligation imposed upon, or authorization granted to Tensas Basin, to make a contribution to Poverty Point for such purposes.
In light of the Supreme Court's decision in City of Port Allen, it is the opinion of this office that Tensas Basin is constitutionally prohibited from making a financial contribution to Poverty Point in order to aid the construction of the proposed reservoir and recreation area.
We trust this adequately responds to your inquiry. If we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0314n